### ENOCH MORGAN'S SONS CO. *v.* SMITH *et al.*

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

PLEADING—COUNTER-CLAIM—REPLICATION—BURDEN OF PROOF.

In an action for the value of goods sold, defendants set up for counter-claim a contract for premiums on sales, alleging compliance with the terms of the contract. The replication admitted a contract, but alleged that it contained an express stipulation of forfeiture for the failure of defendants to perform certain conditions, and that defendants had failed as to such conditions. *Held,* that defendants were only required to show general compliance with the terms of the contract, and that the burden was on plaintiff to prove such particular acts of non-compliance on the part of defendants as amounted to the alleged forfeiture.

Appeal from trial term.

Action by Enoch Morgan's Sons Company against George Waldo Smith and John S. Sills to recover for goods sold. The defense was the counter-claim of premiums on sales under contract. The replication alleged forfeiture of premiums. Trial by jury, and verdict for defendants. From the judgment entered thereon, plaintiff appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*Seward, Da Costa & Guthrie,* for appellant. *Seaman & Conger,* for respondents.

VAN HOESEN, J. I think that a careful reading of the contract must dispel all doubt as to the burden of proof. The defendants pleaded a counter-claim in an action brought by the plaintiffs to recover the reasonable value of a quantity of sapolio sold and delivered. The counter-claim set up by the defendants was a demand for a bonus or premium that the plaintiffs had promised to allow them in case their sales of sapolio for the year 1887 should exceed their sales for the year 1886. The plaintiffs contended that the defendants had no right to the bonus, because, although their sales for 1887 were in excess of those for 1886, the increase in such sales was effected by means which, by the terms of the contract between the parties, operated as a forfeiture of any claims to the bonus. Upon this statement of the case, it is evident that the defendants were not bound to prove, in the first instance, that the plaintiffs had no defense to their counter-claim. It is said that a compliance by the defendants with all the terms and provisions of the contract respecting the bonus was a condition precedent to their right to recover. Undoubtedly, the defendants were under an obligation to perform every part of the agreement; but it does not follow, from a conception of the truth of that proposition, that they were bound to prove, as part of their case in chief, the details of every sale of sapolio that had been made in 1887, and that no one of those sales had been promoted by the use of any of those inducements that a contract prohibited. If there was any good reason for not paying the bonus,

it was an answer to the counter-claim; and the proof of that answer devolved upon the plaintiffs. The letters that formed the contract proved this beyond a reasonable doubt. The proposition of the plaintiffs, which became the contract, was substantially this: "In order more fully to interest you, and encourage a larger sale, we will pay you, in addition to present discount, one dollar for each half-gross case and fifty cents for each quarter-gross case you may purchase, during the year 1887, in excess of the 890 half-gross cases you purchased in 1886, provided you adhere to the following terms: (1) You must make every reasonable exertion to increase the sale of sapolio, and order lots of not less than 40 cases of one half-gross cases; (2) you must not sell half-gross cases at less than $4.50 per case, nor quarter-gross cases for less than $2.25 per case; (3) you must not give a larger credit, or a larger discount for cash, than you allow on other goods; (4) if in a single instance you violate either in letter or in spirit any one of the foregoing stipulations, you shall forfeit and relinquish your right to any bonus whatever." To these terms the defendants assented. The defendants' sales of sapolio in 1887 were much larger than they had been in 1886, and they claimed the promised bonus. The plaintiffs answered that the bonus was forfeited, because the defendants had sold sapolio for less than the prices nominated in the contract. If this was so, the defense to the counter-claim was perfect; but it was for the plaintiffs to prove it, and not for the defendants to disprove it, in presenting their case in chief. Proof of a general nature, such as the defendants furnished, that they had performed the contract, was all that was, in the first instance, required of them. The agreement was not to do a particular thing, and only slight evidence of compliance was required. *Calder* v. *Rutherford*, 3 Brod. & B. 302. The substantive fact to be made out was that the defendants had forfeited their right to the bonus by violating the terms of sale, and it was for the plaintiffs, who alleged the forfeiture, to prove it. *Calder* v. *Rutherford*, 3 Brod. & B. 302; *Soward* v. *Leggatt*, 7 Car. & P. 613. I think that Judge DALY properly decided the question as to the burden of proof, and that the judgment should be affirmed.